THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Roots Informatics et al., | MEMORANDUM DECISION AND ORDER |
| Plaintiffs, | |
| v. | Case No. 2:24-cv-00394-HCN-DBP |
| Justin Peck, et al., | District Judge Howard C. Nielson, Jr |
| Defendants. | Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on pro se Plaintiff Thurman Brown's Motion to Appoint Counsel.[1] On May 31, 2024, Plaintiff "Roots Informatics LP … through its undersigned counsel" filed suit alleging breach of fiduciary duty, conspiracy to commit fraud and theft of intellectual property, and unfair competition and deceptive practices.[2] The claims are essentially repeated for each of the named Defendants throughout the Complaint. The Complaint is then signed "Thurman Brown, Pro Se-Plaintiff" with a phone number, email, and "Counsel for Plaintiff, Roots Informatics LP."

Based on the Complaint, Plaintiffs are in violation of the Local Rules. Local Rule 83-1.3 outlines the requirements for self-representation, it provides:

(1) Individuals may represent themselves.

(2) A corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted under DUCivR 83-1.1.[3]

---

[1] ECF No. 9.

[2] Complaint p. 6-7, ECF No. 1.

[3] DUCivR 83-1.3 (2023).

Plaintiff Roots Informatics is a "company specializing in advanced database functionalities and analytics for healthcare applications."[4] Because it is an artificial entity, Roots Informatics must be represented by an attorney who is admitted to practice under the Local Rules. Mr. Brown, who claims he is a pro se Plaintiff, cannot represent Roots Informatics. In similar fashion, Mr. Brown cannot represent Plaintiff Thurman Brown Consultant, Inc., which is also an artificial entity.

Based on the Plaintiffs' failure to abide by the Local Rules, the court has entered multiple Orders to Show Cause, and provided Plaintiffs an additional opportunity to obtain counsel in an order entered July 2, 2024. Plaintiffs have failed to comply with the court's orders. Now presumably in an attempt to comply, Plaintiff Thurman Brown requests the court appoint counsel to represent Plaintiffs "in this complex civil litigation."[5]

Although appointment of counsel is permissible in certain circumstances, a civil plaintiff has no statutory or constitutional right to the appointment of counsel.[6] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[7] Courts consider "the merits of a [plaintiff's] claims, the nature and complexity of the factual and legal issues, and a [plaintiff's] ability to investigate the facts and present his claims."[8]

Here, Plaintiffs bring this matter claiming Defendants conspired to commit "intellectual property theft, breach of fiduciary duty, fraud, unfair competition, and deceptive business

---

[4] Complaint p. 4.

[5] Mtn. p. 1.

[6] *See* 28 U.S.C. § 1915(e)(1).

[7] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

[8] *Id.*

practices."[9] This was done by the alleged creation of false government documents, strategic resignations, replication of proprietary technology, and misleading communications that led to significant financial losses to Roots Informatics. Plaintiffs demand one billion dollars in damages.

Based on Mr. Brown's filings, the court is not persuaded he lacks the ability to investigate the facts or present his respective claims. In addition, the merits of the claims, and the nature and complexity of the facts, do not warrant the appointment of counsel. Thus, the court DENIES the Motion for Appointment of Counsel.

Finally, the problem persists that the artificial entities must be represented by counsel. The court affords Plaintiffs one last opportunity to obtain counsel and have them enter an appearance on or before August 23, 2024. A failure to do so will result in the undersigned recommending this matter be dismissed.

IT IS SO ORDERED.

DATED this 9 August 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[9] Complaint p. 1.