# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THURMAN BROWN CONSULTANT INC. and ROOTS INFORMATICS LP,<br><br>Plaintiffs,<br><br>v.<br><br>JUSTIN PECK, MIKE ISOM, SPENCER FANE LLP, BEECHTREE DIAGNOSTICS LLP, BEECHTREE MOLECULAR LLC, MICHAEL MURANO, and NATHAN PETERS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-394<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On May 31, 2024, Roots Informatics LP and Thurman Brown Consultant Inc., two artificial entities, purported to bring this action through their "counsel," Thurman Brown. Dkt. No. 1 at 1; *see also id.* at 18. Mr. Brown is not a member of this court's bar and does not appear to be an attorney.

Local Rule 83-1.3, however, requires that "[a] corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted" to practice before this court. DUCivR 83-1.3(c)(2). Chief Magistrate Judge Pead accordingly issued an order to show cause to each entity, requiring counsel for that entity "to enter an appearance on the record," and warning that "[f]ailure to do so may result in dismissal." Dkt. No. 4 at 2; Dkt. No. 5 at 2.

Ignoring Chief Judge Pead's clear orders, the Plaintiffs responded that "Thurman Brown, Plaintiff, will act as counsel of record" and that "Roots Informatics LP and Thurman Brown

1

Consultant Inc. will be represented Pro Se until further notice." Dkt. No. 6 at 1.[1] Chief Judge Pead then issued yet another order, explaining that this response was "insufficient" because "Mr. Brown cannot represent Roots Informatics, LP or Thurman Brown Consultant, Inc. unless Mr. Brown is an attorney admitted to practice in this district." Dkt. No. 7 at 1–2.

The Plaintiffs next proposed "amending the complaint to highlight claims that Thurman Brown can pursue individually." Dkt. No. 9 at 4; *see also* Dkt. No. 12 at 1. But although the Plaintiffs then purported to file an amended complaint, *see* Dkt. No. 13, the amended complaint does not list Mr. Brown as a plaintiff or assert personal claims belonging to him; to the contrary, the amended complaint expressly states that "Plaintiffs Roots Informatics LP and Thurman Brown Consultant Inc." bring the action "through their undersigned pro se representative Thurman Brown." Dkt. No. 13 at 1.

The court agrees with Chief Judge Pead that to maintain this action, Plaintiffs Roots Informatics LP and Thurman Brown Consultant Inc. were required, under Local Rule 83-1.3, to obtain counsel admitted to practice before this court. *See* Dkt. No. 14 (Report and Recommendation). The court further agrees that the Plaintiffs have "repeatedly failed" to do so despite being provided "multiple opportunities to comply and warned that a failure to do so would result in dismissal," and that the amended complaint "does not resolve the underlying issue regarding representation." *Id.* at 3.

In response to Chief Judge Pead's recommendation that this action be dismissed, the Plaintiffs offer no justification for their repeated failure to comply with the local rules and direct orders of the court. They instead argue the merits of their claims, insisting that "[t]his Court must

---

[1] Although the Plaintiffs here referred to Mr. Brown as "Plaintiff," he is not in fact listed as such on the complaint. *See* Dkt. No. 1 at 1.

prioritize justice over procedural technicalities and allow this case to proceed." Dkt. No. 15 at 3. That objection is not well taken.

For the foregoing reasons, this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 27th Day of February, 2025

By the Court:

_____
Howard C. Nielson, Jr.
United States District Judge